UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EXPEDIA, INC.,

                        Plaintiff,                          19-cv-1066 (PKC)

          -against-                                         ORDER

UNITED AIRLINES, INC.,

                        Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

          Plaintiff Expedia, Inc. moves to seal materials submitted by plaintiff in relation to

its motion for a preliminary injunction.  (Doc 21).  For the reasons that will be explained, the

motion will be granted in part and denied in part.

          There is a common-law and First Amendment right of public access to judicial

documents.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 115 (2d Cir. 2006).  As such,

judicial documents "should not remain under seal absent the most compelling reasons."  Joy v.

North, 692 F.2d 880, 893 (2d Cir. 1982).  However, "documents may be sealed if specific, on the

record findings are made demonstrating that closure is essential to preserve higher values and is

narrowly tailored to serve that interest."  Lugosch, 435 F.3d at 120.

          A court must first determine whether the disputed materials are judicial documents.

To be designated a judicial document, "the item filed must be relevant to the performance of the

judicial function and useful in the judicial process."  United States v. Amodeo, 44 F.3d 141, 145

(2d Cir. 1995)  If the item qualifies as a judicial document, the court will then weigh the competing

interests of access, considering "the degree of judicial reliance on the document in question and

the relevance of the document's specific contents to the nature of the proceeding."  Newsday LLC

v. Cty. of Nassau, 730 F.3d 156, 166−67 (2d Cir. 2013).  The court also considers "the privacy interests of those resisting disclosure."  Lugosch, 435 F.3d at 120.  "Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."  United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995).

Expedia moves to redact portions of its Memorandum of Law in Support of its Application for a Preliminary Injunction (Doc 18), the Declaration of Julie Kyse ("Kyse Declaration") and accompanying exhibits (Doc 19 & Exs. 1-6), and the Declaration of John Morrey ("Morrey Declaration") (Doc 20.)  Based on its own review of the proposed redactions, and its own familiarity with the case, the Court concludes that certain of the proposed redactions are warranted pursuant to Lugosch and related authority.

Memorandum of Law (Doc 18):  Expedia proposes redactions to its Memorandum of Law that include information relating to the end date of its Ticketing Agreement with United, terms and definitions contained within the Ticketing Agreement, the history of Expedia and United's negotiations with respect to the Ticketing Agreement, the amount of customer bookings of United flights through Expedia for a relevant period of time, and Expedia's negotiations with a competitor airline.  All of this information was highly relevant and necessary for the Court's decision on the motion for a preliminary injunction.  The presumption of judicial access is extremely high.  Much of this information was also discussed in open court during the hearing on the preliminary injunction on March 29, 2019.  And, as discussed in the Order denying the preliminary injunction (Doc 49), it is in the public's interest that the end date of the Ticketing Agreement be disclosed to the traveling public in a clear, concise, and timely manner to offset harms to the public and the parties.  The Court denies the motion to seal with respect to Doc 18.

Kyse Declaration and Accompanying Exhibits (Doc 19 & Exs. 1-6):   Expedia proposes redactions to the Kyse Declaration that are similar to those proposed for the Memorandum of Law and include information relating to Expedia's negotiations with United, contract terms of the Ticketing Agreement, potential problems faced in servicing customer tickets after the end of the Ticketing Agreement, and third party harms.  The Court relied on all this information in deciding the motion for a preliminary injunction and much of it was discussed in open court.  Much of this information is summarized or quoted in defendant's opposition papers that have been available to the public for nearly a month and a half without objection from either party.  (See, e.g., Declaration of David Bartels at 2-10; Doc 35.)  The presumption of judicial access is extremely high and is not outweighed by plaintiff's interest in maintaining the information under seal.

Expedia further proposes sealing in full Exhibits A-F of the Kyse Declaration. Exhibit A is the parties' Ticketing Agreement.  The Court discussed the Ticketing Agreement generally in its Order and quoted or cited certain sections of the Agreement that were relevant to the parties' dispute.  (Order, Doc 49 at 2-3, 5, 6 n.2 (quoting, inter alia, Sections 1.2.7, 1.2.12, 1.2.26, 7.1, 19.1, 19.3, 20.1, 20.2).)  The presumption of judicial access is high and outweighs Expedia's interests with respect to the cited or quoted portions of the Agreement.  Expedia may file a redacted Agreement redacting all but the sections of the Agreement that were cited or quoted in the Court's Order.  Those sections that were cited or partially or fully quoted shall be unredacted in full.

Exhibits B and C are the two amendments to the Ticketing Agreement.  The Court noted that the Agreement had been amended in its Order, (Doc 49 at 2) but did not rely on specific information found in the amendments.  The Court does not consider them to be judicial documents

and understands them to sensitive business information.  The motion to seal is granted with respect to Exhibits B and C.

Exhibits D and E are emails between Expedia and United discussing their respective positions on contractual obligations related to the expiration of the Ticketing Agreement. The Court generally discussed the parties' negotiations in the fall of 2018 in the background section of its Order (Doc 49 at 3) but did not rely on the emails themselves or any specific content contained in them.  The Court does not consider them to be judicial documents and understands them to sensitive business information.  The motion to seal is granted with respect to Exhibits D and E.

Exhibit F is the letter United sent Expedia on February 1, 2019, stating that in ten days United would no longer offer Expedia fare and pricing availability for flights departing after the Agreement's expiration.  The letter is cited in the Court's Order (Doc 49 at 3-4).  Much of the information contained in the letter is summarized and quoted in the Amended Complaint, which is available to the public, and was discussed in open court in the March 29, 2019 hearing.  The presumption of judicial access is high and outweighs Expedia's interest in privacy.  The Court denies the motion to seal Doc. 19 Ex. F.

<u>Morrey Declaration (Doc 20)</u>:  Expedia proposes redacting information in the Morrey Declaration related to its relationship with a competitor airline, the end date of the Ticketing Agreement, and consequences of losing customers' flight bookings.  For the same reasons as those discussed with respect to Expedia's Memorandum of Law and the Kyse Declaration, the Court denies the motion to seal the Morrey Declaration.

CONCLUSION

       Expedia's motion to file under seal is GRANTED with respect to Doc 19 Exs. A,

B, C, D, and E subject to the conditions stated above and otherwise DENIED.  The Clerk is

directed to terminate the motion (Doc 21.)

       SO ORDERED.


P. Kevin Castel
United States District Judge


Dated: New York, New York
      April 9, 2019